WILLIAM R. CARNES & another *vs.* JOHN WHITE.

At the trial of an action brought by the assignees of an insolvent debtor against one to whom the debtor had executed an illegal assignment of his property, and who had taken possession of the property, but had never executed the assignment and claimed to hold the property under an independent and lawful agreement, evidence of admissions by the debtor that such an agreement existed, made after the date of the assignment, but before the debtor's petition to take the benefit of the insolvent laws, is admissible for the defendant.

A contract made in good faith by one member of a firm in insolvent circumstances, but against whom proceedings in insolvency have not been instituted, that the other party to the contract shall finish articles partly manufactured in the course of the firm's business, make expenditures thereon, hold and sell the articles till reimbursed for expenditures, and pay over the surplus to the firm, is not invalid as against the policy of the insolvent laws or because made by one partner only.

ACTION OF TORT, by the assignees in insolvency, under proceedings commenced in February 1855, of George T. Smallwood and James C. Morton, copartners under the name of Smallwood & Morton, for the conversion of three promissory notes.

At the trial before *Shaw,* C. J., it was agreed that in October 1854 Smallwood & Morton executed an assignment to the defendant of all the property of their firm for the payment of debts, which was never executed by all their creditors nor by the defendant; that the defendant took possession of the property of Smallwood & Morton at their factory, a large portion being unfinished furniture, and advanced to finish the furniture and make it marketable a large sum of money, and also merchandise, sold a portion of the property so finished, and

received therefor the promissory notes sued for and some cash; but that the whole amount received by the defendant was not sufficient to reimburse him for his advances; and that the plaintiff demanded the notes from the defendant, who refused to deliver them till reimbursed for his advances.

There was evidence tending to show that about the time the assignment was executed by Smallwood & Morton, (but whether before or after was not fixed,) and before the defendant took possession of the property, or furnished any materials or money to complete the unfinished portions, it was verbally agreed between Smallwood and the defendant, without the assent or knowledge of Morton, as an agreement independent of the assignment, that the defendant should take possession of said property, complete it, furnish money and materials for that purpose, and have a claim on the property and proceeds for reimbursement.

The defendant contended that he took possession of the property, not under the assignment, (which he admitted to be invalid,) but under the independent verbal agreement above mentioned; and offered in evidence certain conversations between Smallwood and the defendant, and between Smallwood and his brother, in regard to that agreement, in which it was talked over by Smallwood and fully recognized. "But, inasmuch as these conversations took place after the assignment had been executed by the parties who did execute it, and after the time the said independent verbal agreement was alleged to have been made, and before the petition in insolvency was filed," the chief justice excluded the evidence.

The chief justice instructed the jury that the alleged assignment was void as against creditors and assignees in insolvency; and that if the jury should be of opinion that the defendant took the property, not under the assignment, but under an independent verbal agreement, yet that "such a separate and collateral express agreement by insolvent debtors, manufacturers, to deliver exclusive possession of the stock, tools and unfinished manufactured goods, in contemplation of insolvency, to a party, under an agreement that he would take exclusive

possession, advance money and goods to carry on the business, so far at least as to finish the unfinished goods, and have a lien or mortgage thereon, for the whole of such advances, as against creditors; considering that it would be an immediate hypothecation of their whole estate, for future, contingent and unlimited time, and to an unlimited amount; was substantially a violation of the insolvent laws, and void against creditors."

The jury returned a verdict for the plaintiffs, and the chief justice reported the case to the full court, for the consideration of the correctness of these rulings and instructions.

*J. W. May,* for the plaintiffs. 1. The evidence was rightly excluded, for the reasons given, and because it was mere hearsay, and Smallwood's declarations could not bind the creditors of the firm.

2. The independent agreement, if made, was invalid, not only for the reason given, but because one partner cannot. without consultation with his copartner, when consultation is practicable, make such a disposition of partnership property Collyer on Part. § 395. *Hitchcock* v. *St. John,* Hoffm. Ch. 511 *Kirby* v. *Ingersoll,* Harring. (Mich.) 172; and 1 Doug. (Mich.) 477. *Dana* v. *Lull,* 17 Verm. 390.

*B. F. Brooks & J. D. Ball,* for the defendant.

DEWEY, J. 1. The declarations of Smallwood, made before the institution of proceedings in insolvency, were competent evidence, and ought to have been admitted. They related to past transactions connected with the business of the firm, and, as admissions of facts then having occurred, might properly be introduced to show the contract under which the unfinished furniture was placed in the hands of the defendant for the purpose of being made ready for the market.

2. The contract, as set up by the defendant, was not illegal by reason of its being in conflict with the provisions of the insolvent laws of the Commonwealth. A party in insolvent circumstances, but before any proceedings in insolvency are instituted, may make a contract for finishing articles partly manufactured in the course of his business, and may stipulate with a third party who is to make expenditures on the same

that such party shall hold the articles upon which he has thus made expenditures, until the amount thus expended has been realized from the sales, returning the surplus to the debtor. Such contract, if made in good faith, and with the purpose to finish the articles for the market, is not invalid, either as against the policy of the insolvent laws, or by reason of its being made by only one of the partners.

The case having been submitted to the jury under rulings and instructions different from those above stated, the verdict must be set aside and a                    *New trial had.*